IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTOPHER RAY LOGGINS )
)
v. ) No. 3:08-cv-1119
) Judge Nixon/Brown
MICHAEL J. ASTRUE, Commissioner of )
Social Security )

To: The Honorable John T. Nixon, Senior District Judge

## Report and Recommendation

This is an action to review a decision by the Commissioner of Social Security to deny benefits to the Plaintiff. On January 23, 2009, Plaintiff was directed to file a motion for judgment on the administrative record supported by a brief by February 26, 2009. (Docket Entry 11). Plaintiff failed to do so or to ask for additional time. As a result, on March 16, 2009, the undersigned directed the Plaintiff to file the brief by April 3, 2009, or to show a good reason for an extension of time, or to show why the undersigned should not recommend this case be dismissed for failure to prosecute. (Docket Entry 15). To date, Plaintiff has failed to file anything in this action addressing the above Orders.

The Sixth Circuit has discussed the grounds for dismissal. *Tetro v. Elliott Pophim Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 998 (6th Cir. 1999). The Court must consider (1) whether the party's failure to cooperate is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

1

Apply these factors to the instant case, the Plaintiff clearly knew of the obligation to file a motion for judgment on the record and the result if he failed to do so. (Docket Entries 11 and 15). The Magistrate Judge has directed the Plaintiff in two separate orders to file his motion with supporting brief or face dismissal of his action. (Docket Entries 11 and 15). Additionally, the Magistrate Judge has given the Plaintiff additional time in which to file his brief and the Plaintiff has failed to file anything with the Court. (Docket Entry 15). Lastly, the Defendant is certainly prejudiced by the Plaintiff's delay in failure to file anything with the Court, in spite of Court orders.

In light of the forgoing, the Magistrate Judge **recommends** that Plaintiff's case be **dismissed** without prejudice for failure to prosecute.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004 (en banc).

ENTERED this 7th day of April, 2009.

So **ORDERED**.

/s Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE

2